JOSÉ MORENO SOTO, demandante y apelante, *v.* PEDRO PENZOL y PILAR GONZÁLEZ DE PENZOL, por su apoderada MARÍA TERESA CONDE DE ÁLVAREZ, UNITED STATES FIDELITY & GUARANTY CO., OF BALTIMORE, MD., y CELESTINO PABÓN, demandados y apelados.

Núm. 10428.—*Sometido:* Noviembre 7, 1951. *Resuelto:* Enero 10, 1952.

*Alfredo Álvarez Linares,* abogado del apelante; *Juan Enrique Géigel, Guillermo Silva* y *Luis F. Cuyar,* abogados de la apelada, United States Fidelity & Guaranty Co.

EL JUEZ ASOCIADO SEÑOR NEGRÓN FERNÁNDEZ emitió la opinión del tribunal.

El 23 de julio de 1948, el apelante sufrió un accidente del trabajo mientras trabajaba para el Gobierno de la Capital en las reparaciones que se hacían al encintado de la calle San Sebastián, en San Juan, al caer sobre su espalda una puerta de madera que se desprendió de la casa número 100 de dicha calle.

El 13 de diciembre de 1948, el Administrador del Fondo del Seguro del Estado dictó resolución compensatoria a su favor en el caso 2E-3501 de dicho organismo. De la citada resolución apeló el empleado para ante la Comisión Industrial, la cual dictó resolución el 23 de mayo de 1949.

El 23 de febrero de 1950, el apelante inició acción de daños y perjuicios contra los dueños de la casa número 100 de la calle San Sebastián, su aseguradora y el arrendatario, bajo las disposiciones del artículo 31 de la Ley núm. 45 de 18 de abril de 1935—Ley de Compensaciones por Accidentes del Trabajo—según quedó enmendado por la núm. 16 de 10 de abril de 1948 ((1) pág. 29).

El tribunal inferior, a moción de los demandados, dictó resolución desestimando la demanda por estar prescrita la acción del demandante, y a solicitud de éste dictó sentencia en iguales términos, apelando de dicha sentencia el demandante para ante este Tribunal.

La cuestión fundamental envuelta en este recurso es la de si en efecto la acción del demandante estaba prescrita a la fecha en que fué ejercitada.

 El artículo 31 de la Ley núm. 45 ya citada, según quedó enmendado por la núm. 16 de 12 de abril de 1948, dispone en lo pertinente:

"Artículo 31.—En los casos en que la lesión, enfermedad ocupacional o la muerte que dan derecho al obrero, empleado o sus beneficiarios a compensaciones, de acuerdo con esta Ley, le hubiere provenido bajo circunstancias que hacen responsables a terceras personas de tal lesión, enfermedad o muerte, el obrero o empleado lesionado o sus beneficiarios podrán reclamar y obtener daños y perjuicios de la tercera persona responsable de dicha lesión, enfermedad o muerte dentro del año subsiguiente a la fecha de la resolución final del caso por el Administrador del Fondo del Seguro del Estado, y éste podrá subrogarse en los derechos del obrero, empleado o sus beneficiarios para entablar la misma acción en la forma siguiente:..."

El apelante sostiene que el año dentro del cual debe ejercitarse la acción de daños y perjuicios contra la tercera per-

sona debe comenzar a contarse desde que recae resolución de la Comisión Industrial, si la dictada por el Administrador del Fondo del Seguro del Estado es apelada para ante dicho organismo, como lo fué en el caso de autos, pues a su juicio la del Administrador no fué *final*. No tiene razón. La ley no requiere que la resolución del Administrador sea *firme* para que comience a correr el año para el ejercicio de la acción de daños y perjuicios contra la tercera persona. Sólo requiere que sea *final*, y tal carácter lo tiene la resolución del Administrador cuando hace—como en el caso de autos—una adjudicación favorable al empleado y determina el monto de la compensación a concederse. Una apelación del empleado en cuanto a la *cuantía* no quita el carácter de final a la resolución del Administrador.

Siendo así, la acción ejercitada el 23 de febrero de 1950 estaba prescrita y no cometió error el tribunal inferior al desestimar la demanda por tal motivo.

*La sentencia será confirmada.*